# ALABAMA SJIS CASE DETAIL

**PREPARED FOR: JULIE PEARCE**
**12/4/2025 2:12:08 PM**

alacourt.com

County: **03** Case Number: **CV-2025-901132.00** Court Action:
Style: **CAROLYN KEYS V. WALMART, INC. ET AL**

Real Time

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 7/22/2025 | 10:41 AM | ECOMP | COMPLAINT E-FILED. | TAR020 |
| 7/22/2025 | 10:42 AM | FILE | FILED THIS DATE: 07/22/2025 (AV01) | AJA |
| 7/22/2025 | 10:42 AM | EORD | E-ORDER FLAG SET TO "Y" (AV01) | AJA |
| 7/22/2025 | 10:43 AM | ASSJ | ASSIGNED TO JUDGE: BROOKE E REID (AV01) | AJA |
| 7/22/2025 | 10:43 AM | SCAN | CASE SCANNED STATUS SET TO: N (AV01) | AJA |
| 7/22/2025 | 10:43 AM | TDMJ | JURY TRIAL REQUESTED (AV01) | AJA |
| 7/22/2025 | 10:43 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | AJA |
| 7/22/2025 | 10:43 AM | ORIG | ORIGIN: INITIAL FILING (AV01) | AJA |
| 7/22/2025 | 10:44 AM | D001 | D001 PARTY ADDED: WALMART, INC. (AV02) | AJA |
| 7/22/2025 | 10:44 AM | D001 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 7/22/2025 | 10:44 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | AJA |
| 7/22/2025 | 10:44 AM | D001 | CERTIFIED MAI ISSUED: 07/22/2025 TO D001 (AV02) | AJA |
| 7/22/2025 | 10:44 AM | D001 | D001 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 7/22/2025 | 10:44 AM | D002 | D002 PARTY ADDED: WAL-MART STORES EAST, LP (AV02) | AJA |
| 7/22/2025 | 10:44 AM | D002 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 7/22/2025 | 10:44 AM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE (AV02) | AJA |
| 7/22/2025 | 10:44 AM | D002 | CERTIFIED MAI ISSUED: 07/22/2025 TO D002 (AV02) | AJA |
| 7/22/2025 | 10:44 AM | D002 | D002 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 7/22/2025 | 10:46 AM | C001 | C001 PARTY ADDED: KEYS CAROLYN (AV02) | AJA |
| 7/22/2025 | 10:46 AM | C001 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 7/22/2025 | 10:46 AM | C001 | LISTED AS ATTORNEY FOR C001: TARTT MALIA DANIELLE | AJA |
| 7/22/2025 | 10:46 AM | C001 | C001 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 7/24/2025 | 12:29 PM | D001 | SERVICE OF CERTIFIED MAI ON 07/24/2025 FOR D001 | AJA |
| 7/24/2025 | 12:30 PM | ESERC | SERVICE RETURN - D001 - COMPLAINT | |
| 7/25/2025 | 12:39 PM | D002 | SERVICE OF CERTIFIED MAI ON 07/25/2025 FOR D002 | AJA |
| 7/25/2025 | 12:39 PM | ESERC | SERVICE RETURN - D002 - COMPLAINT | |
| 8/20/2025 | 1:50 PM | ENOTA | NOTICE OF APPEARANCE E-FILED | PEA032 |
| 8/20/2025 | 1:51 PM | D001 | LISTED AS ATTORNEY FOR D001: PEARCE JULIE ELIZABE | AJA |
| 8/20/2025 | 1:51 PM | D001 | ANSWER OF COMP DENIED ON 08/20/2025 FOR D001(AV02) | AJA |
| 8/20/2025 | 1:51 PM | D002 | LISTED AS ATTORNEY FOR D002: PEARCE JULIE ELIZABE | AJA |
| 8/20/2025 | 1:51 PM | D002 | ANSWER OF COMP DENIED ON 08/20/2025 FOR D002(AV02) | AJA |
| 8/20/2025 | 1:51 PM | EANSW | D001 - COMPLAINT DENIED E-FILED. | PEA032 |
| 8/20/2025 | 1:51 PM | EANSW | D002 - COMPLAINT DENIED E-FILED. | PEA032 |

***END OF THE REPORT***

ELECTRONICALLY FILED
7/22/2025 10:41 AM
03-CV-2025-901132.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**State of Alabama**
**Unified Judicial System**
**Form ARCiv-93 Rev. 9/18**

# COVER SHEET
# CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Cas[e Number:]
03[...]
Date of Filing: 07/22/2025
Judge Code:

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**
**CAROLYN KEYS v. WALMART, INC. ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: ____________

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER**

R ☐ **REMANDED** T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **YES** ☐ **NO**

**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**
TAR020 7/22/2025 10:41:41 AM /s/ MALIA D. TARTT
Date Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ **YES** ☐ **NO** ☑ **UNDECIDED**

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ **YES** ☑ **NO**

ELECTRONICALLY FILED
7/22/2025 10:41 AM
03-CV-2025-901132.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | |
|---|---|
| **CAROLYN KEYS,** | **Civil Action No. ________________** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | |

**WALMART INC., a corporation; WAL-MART STORES EAST, LP, a limited partnership; there may be other entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer and include any and all Legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties are designated are intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity." In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:**

**Defendant A, whether singular or plural, that entity or those entities who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit;**

**Defendant B, whether singular or plural, that entity or those entities who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;**

**Defendant C, whether singular or plural, that entity or those entities who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;**

**Defendant D, whether singular or plural, that entity or those entities who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;**

**Defendant E, whether singular or plural, that entity or those entities which controlled or had the right to control the area involved in the occurrence made the basis of this lawsuit at the time of said occurrence;**

**Defendant F, whether singular or plural, that person or persons, entity or those entities who or which created and/or maintained the defect on the premises involved in the occurrence made the basis of this suit;**

**Defendant G, whether singular or plural, that person or persons, entity or those entities, who or which had responsibility for the inspection of the defect and/or instrumentality on the premises involved in the occurrence made the basis of this suit;**

**Defendant H, whether singular or plural, that person or persons, entity or those entities who of which conducted safety inspections at or with reference to the site involved in the occurrence made the basis of this lawsuit, prior to and/or on the date of said occurrence;**

**Defendant I, whether singular or plural, that entity or those entities, including, but not limited to, the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit which conducted any safety inspections or analysis of, or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence;**

**Defendant J, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, for any of the named defendant or fictitious party defendants listed or named herein;**

**Defendant K, whether singular or plural, that entity or those entities, other than those entities described above, whose negligent, willful, wanton, intentional or other wrongful conduct caused and/or contributed to cause the occurrence made the basis of Plaintiff's Complaint;**

**Defendant L, whether singular or plural, that person or persons, entity or those entities, other than those entities described above, which are the successors in interest of those persons and/or entities described above;**

**Defendant M, whether singular or plural, that person or persons, entity or entities who or which are responsible for the maintenance at or with reference to the site involved in the occurrence made the basis of this lawsuit, prior to and/or on the date of said occurrence;**

**Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time their identity as proper party defendants is now known to Plaintiff at this time, but their true names will be substituted when the aforesaid lacking knowledge is ascertained;**

**Defendants.**

---

## COMPLAINT

---

**COMES NOW** the Plaintiff, Carolyn Keys, by and through undersigned counsel, and for her complaint against the Defendants, represents unto this Honorable Court as follows:

## I. PARTIES AND VENUE

1. Plaintiff, Carolyn Keys, is over the age of nineteen (19) years and a resident citizen of the State of Alabama.

2. Defendant, Wal-Mart Stores East, LP, is a foreign partnership who actively conducts business in the State of Alabama. Specifically, in this case, the Defendant conducts a substantial amount of business in Montgomery County, Alabama.

3. Defendant, Walmart, Inc., is a foreign corporation who actively conducts business in the State of Alabama. Specifically, in this case, the Defendant conducts a substantial amount of business in Montgomery County, Alabama.

4. Defendants A-M are corporations, entities, businesses, individuals and/or the like who are presently unknown to the Plaintiff, but who owed Plaintiff a reasonable duty of care in ensuring a reasonably safe environment of the subject premises and whose actions and/or inactions directly or indirectly caused or contributed to cause Plaintiff's injuries and damages as described herein.

5. Venue is proper in Montgomery County, Alabama pursuant to Ala. Code § 6-3-2(a)(3) as the acts and/or omissions giving rise to this civil action occurred within this judicial district.

## II. CAUSES OF ACTION

### COUNT ONE
### NEGLIGENCE

6. Plaintiff re-adopts and re-alleges each and every paragraph as though fully set out herein.

7. On or about July 22, 2023, Ms. Keys was an invitee on the premises of the Walmart store #930 located at 3801 Eastern Boulevard in Montgomery, Alabama.

8. On said date and place, Plaintiff was walking through Walmart when she slipped in a wet substance and fell to the floor, causing her injuries. The wet substance came from a nearby freezer that was leaking.

9. Plaintiff avers that the Defendants, whether named or fictitious, had a duty to keep its premises in a reasonably safe condition for patrons, such as the Plaintiff. Further, Plaintiff avers that the Defendant knew or should have known of the existence of the unreasonably dangerous condition that injured the Plaintiff.

10. Plaintiff further avers that the Defendants, both named and fictitious, had a duty to warn the Plaintiff of the unreasonably dangerous condition.

11. Plaintiff further avers that on said date and at said place, the Defendants, both named and fictitious, negligently maintained the area where the Plaintiff was injured and negligently failed to keep the area where the Plaintiff fell in a reasonably safe condition.

12. Plaintiff further avers that the Defendants, whether named or fictitious, were negligent in their supervision of the area where the Plaintiff was injured and/or their supervision of the area where the Plaintiff was injured and/or their supervision of personnel responsible for the area and that the Defendants' negligence rendered said area a hazardous and otherwise unreasonably dangerous condition for individuals, including the Plaintiff.

13. Plaintiff further avers that the Defendants, whether named or fictitious, negligently failed to warn the Plaintiff of said hazardous and dangerous condition prior to her fall.

14. Plaintiff further avers that as a direct and proximate result of aforesaid negligence on the part of the Defendants, whether named or fictitious, the Plaintiff, Carolyn Keys, was proximately caused to suffer the following injuries and damages:

(a) she was caused to suffer physical pain and mental anguish;

(b) she was caused to seek medical treatment and was prevented from going about her normal activities;

(c) she was permanently injured;

(d) she was caused to incur medical expenses to treat and cure her injuries;

(e) she was caused to suffer mental anguish and emotional distress;

(f) she was caused to be injured and damaged, all to her detriment.

15. Plaintiff avers that on said occasion, the negligence of all Defendants, whether named or fictitious, combined and concurred, caused the Plaintiff to be injured and damaged as set forth herein.

**COUNT TWO**
**WANTONNESS**

16. Plaintiff re-adopts and re-alleges each and every paragraph as though fully set out herein.

17. On or about July 22, 2023, Ms. Keys was an invitee on the premises of the Walmart store #930 located at 3801 Eastern Boulevard in Montgomery, Alabama.

18. On said date and place, Plaintiff was walking through Walmart when she slipped in a wet substance and fell to the floor, causing her injuries. The wet substance came from a nearby freezer that was leaking.

19. Plaintiff further avers that the Defendants, whether named or fictitious, had a duty to keep its premises in a reasonably safe condition for patrons, such as the Plaintiff. Further, Plaintiff avers that the Defendant knew or should have known of the existence of the unreasonably dangerous condition that injured the Plaintiff.

20. Plaintiff avers Defendants, both named and fictitious, recklessly and/or wantonly caused or allowed Plaintiff to be injured on their premises by failing to keep and maintain its premises in a reasonably safe condition and/or to warn invitees of aforementioned conditions.

21. Plaintiff further avers that as a direct and proximate result of aforesaid reckless and/or wanton conduct on the part of the Defendants, whether named or fictitious, the Plaintiff, Carolyn Keys, was proximately caused to suffer the following injuries and damages:

(a) she was caused to suffer physical pain and mental anguish;

(b) she was caused to seek medical treatment and was prevented from going about her normal activities;

(c) she was permanently injured;

(d) she was caused to incur medical expenses to treat and cure her injuries;

(e) she was caused to suffer mental anguish and emotional distress;

(f) she was caused to be injured and damaged, all to her detriment.

**COUNT THREE**
**NEGLIGENT/WANTON HIRING, TRAINING AND SUPERVISION**

22. Plaintiff re-adopts and re-alleges each and every paragraph as though fully set out herein.

23. On or about July 22, 2023, Ms. Keys was an invitee on the premises of the Walmart store #930 located at 3801 Eastern Boulevard in Montgomery, Alabama.

24. On said date and place, Plaintiff was walking through Walmart when she slipped in a wet substance and fell to the floor, causing her injuries. The wet substance came from a nearby freezer that was leaking.

25. Plaintiff avers the Defendants, both named and fictitious, had a duty to properly hire, train and supervise employee(s) to keep and maintain its premises in a reasonably safe condition for patrons, such as the Plaintiff.

26. Plaintiff avers the Defendants, both named and fictitious, negligently and/or wantonly hired, trained, and supervised the employee(s) who caused and/or allowed an inherently dangerous condition to exist on said premises.

27. Plaintiff further avers that as a direct and proximate result of aforesaid negligent and/or wanton conduct on the part of the Defendants, whether named or fictitious, the Plaintiff, Carolyn Keys, was proximately caused to suffer the following injuries and damages:

(a) she was caused to suffer physical pain and mental anguish;

(b) she was caused to seek medical treatment and was prevented from going about her normal activities;

(c) she was permanently injured;

(d) she was caused to incur medical expenses to treat and cure her injuries;

(e) she was caused to suffer mental anguish and emotional distress;

(f) she was caused to be injured and damaged, all to her detriment.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

Respectfully submitted,

*/s/ Malia D. Tartt*
MALIA D. TARTT (TAR020)
Attorney for the Plaintiff

**OF COUNSEL:**

**ALEXANDER SHUNNARAH TRIAL ATTORNEYS**
2201 Fourth Avenue North
Birmingham, Alabama 35233
T: (205) 983-8112
F: (205) 203-4202
mprice@asilpc.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

*/s/ Malia D. Tartt*
OF COUNSEL

**TO CLERK: PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL**

Walmart, Inc.
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

Wal-Mart Stores East, LP
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

AlaFile E-Notice

03-CV-2025-901132.00

To: MALIA D. TARTT
mtartt@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following complaint was FILED on 7/22/2025 10:41:45 AM

Notice Date: 7/22/2025 10:41:45 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

USPS CERTIFIED MAIL

251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

9214 8901 7301 4103 2500 0659 91

**03-CV-2025-901132.00**

To: WALMART, INC.
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**CAROLYN KEYS V. WALMART, INC. ET AL**
**03-CV-2025-901132.00**

The following complaint was FILED on 7/22/2025 10:41:45 AM

Notice Date: 7/22/2025 10:41:45 AM

**GINA J. ISHMAN**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36104

334-832-1260

USPS CERTIFIED MAIL

9214 8901 7301 4103 2500 0660 04

251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

**03-CV-2025-901132.00**

To: WAL-MART STORES EAST, LP
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**CAROLYN KEYS V. WALMART, INC. ET AL**
**03-CV-2025-901132.00**

The following complaint was FILED on 7/22/2025 10:41:45 AM

Notice Date: 7/22/2025 10:41:45 AM

**GINA J. ISHMAN**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36104

334-832-1260

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2025-901132.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**
**CAROLYN KEYS V. WALMART, INC. ET AL**

**NOTICE TO:** WALMART, INC., 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
MALIA D. TARTT ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2201 4th Avenue North, BIRMINGHAM, AL 35233 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of CAROLYN KEYS *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

| 07/22/2025 | /s/ GINA J. ISHMAN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested. /s/ MALIA D. TARTT
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on ____________________.
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to ____________________ in ____________________ County, Alabama on ____________________.
*(First and Last Name of Person Served)* *(Name of County)* *(Date)*

Document left:

☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by ____________________ in ____________________ County, Alabama on ____________________ who is:
*(First and Last Name of Person Served)* *(Name of County)* *(Date)*

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| | | |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

State of Alabama
Unified Judicial System
Form C-34 Rev. 7/2023

# SUMMONS - CIVIL -

**Court Case Number**
03-CV-2025-901132.00

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**
**CAROLYN KEYS V. WALMART, INC. ET AL**

**NOTICE TO:** WAL-MART STORES EAST, LP, 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MALIA D. TARTT,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2201 4th Avenue North, BIRMINGHAM, AL 35233.
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of CAROLYN KEYS *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

07/22/2025 *(Date)* /s/ GINA J. ISHMAN *(Signature of Clerk)* By: ______ *(Name)*

☑ Certified Mail is hereby requested. /s/ MALIA D. TARTT *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on ______ *(Date)*.

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to ______ *(First and Last Name of Person Served)* in ______ *(Name of County)* County, Alabama on ______ *(Date)*.

Document left:

☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by ______ *(First and Last Name of Person Served)* in ______ *(Name of County)* County, Alabama on ______ *(Date)* who is:

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Telephone Number of Designated Process Server)*

UNITED STATES POSTAL SERVICE

July 24, 2025

Dear Circuit Clerk:

**UJS Information**

Case Number: 03-CV-2025-901132.00
Document Type: Complaint
Restricted Delivery Requested: No

Intended Recipient:
WALMART, INC. (D001)
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

The following is in response to your request for proof of delivery on your item with the tracking number: **9214 8901 7301 4103 2500 0659 91**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Post Office |
| **Status Date / Time:** | July 24, 2025, 8:35 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™<br>Return Receipt Electronic |

## Recipient Signature

Signature of Recipient:

Address of Recipient:




Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

AlaFile E-Notice

03-CV-2025-901132.00
Judge: BROOKE E REID

To: TARTT MALIA DANIELLE
mtartt@asilpc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following matter was served on 7/24/2025

D001 WALMART, INC.
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

AlaFile E-Notice

03-CV-2025-901132.00

Judge: BROOKE E REID

To: WALMART, INC. (PRO SE)
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following matter was served on 7/24/2025

D001 WALMART, INC.

Corresponding To

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

AlaFile E-Notice

03-CV-2025-901132.00

Judge: BROOKE E REID

To: WAL-MART STORES EAST, LP (PRO SE)
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following matter was served on 7/24/2025

D001 WALMART, INC.
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

UNITED STATES POSTAL SERVICE

July 25, 2025

Dear Circuit Clerk:

**UJS Information**

Case Number: 03-CV-2025-901132.00
Document Type: Complaint
Restricted Delivery Requested: No

Intended Recipient:
WAL-MART STORES EAST, LP (D002)
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

The following is in response to your request for proof of delivery on your item with the tracking number: **9214 8901 7301 4103 2500 0660 04**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | July 25, 2025, 9:38 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Recipient Signature

Signature of Recipient: 


Address of Recipient: 


Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

AlaFile E-Notice

03-CV-2025-901132.00
Judge: BROOKE E REID

To: TARTT MALIA DANIELLE
mtartt@asilpc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following matter was served on 7/25/2025

D002 WAL-MART STORES EAST, LP
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

UNIFIED JUDICIAL SYSTEM STATE OF ALABAMA

AlaFile E-Notice

03-CV-2025-901132.00

Judge: BROOKE E REID

To: WALMART, INC. (PRO SE)
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following matter was served on 7/25/2025

D002 WAL-MART STORES EAST, LP
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

AlaFile E-Notice

03-CV-2025-901132.00

Judge: BROOKE E REID

To: WAL-MART STORES EAST, LP (PRO SE)
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following matter was served on 7/25/2025

D002 WAL-MART STORES EAST, LP
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
8/20/2025 1:50 PM
03-CV-2025-901132.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **CAROLYN KEYS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action Number 03-CV-2025-901132** |
| | ) | |
| **WALMART INC.,** | ) | |
| **WAL-MART STORES EAST, LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF APPEARANCE**

COME NOW the undersigned, Julie D. Pearce of Gaines Gault Hendrix, P.C., and respectfully enters her name as counsel of record for Walmart Inc. and Wal-Mart Stores East, LP in the above styled action.

This the 20th day of August, 2025.

Respectfully submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Attorney for Defendants
Walmart Inc. and Wal-Mart Stores East, LP

**OF COUNSEL:**
GAINES GAULT HENDRIX PC
361 Summit Boulevard/Suite 200
Birmingham, Alabama 35243
(205) 980-5888
jpearce@ggh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by via email or by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 20th day of August, 2025.

Malia D. Tartt
ALEXANDER SHUNNARAH TRIAL ATTORNEYS
2201 Fourth Avenue North
Birmingham, Alabama 35233

/s/ Julie D. Pearce
OF COUNSEL

AlaFile E-Notice

03-CV-2025-901132.00

To: JULIE DAVIS PEARCE
jpearce@gghblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following NOTICE OF APPEARANCE was FILED on 8/20/2025 1:50:22 PM

Notice Date: 8/20/2025 1:50:22 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

AlaFile E-Notice

03-CV-2025-901132.00

To: WALMART, INC. (PRO SE)
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following NOTICE OF APPEARANCE was FILED on 8/20/2025 1:50:22 PM

Notice Date: 8/20/2025 1:50:22 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

AlaFile E-Notice

03-CV-2025-901132.00

To: WAL-MART STORES EAST, LP (PRO SE)
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following NOTICE OF APPEARANCE was FILED on 8/20/2025 1:50:22 PM

Notice Date: 8/20/2025 1:50:22 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

AlaFile E-Notice

03-CV-2025-901132.00

To: TARTT MALIA DANIELLE
mtartt@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following NOTICE OF APPEARANCE was FILED on 8/20/2025 1:50:22 PM

Notice Date: 8/20/2025 1:50:22 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
8/20/2025 1:51 PM
03-CV-2025-901132.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **CAROLYN KEYS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action Number 03-CV-2025-901132** |
| | ) | |
| **WALMART INC.,** | ) | |
| **WAL-MART STORES EAST, LP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER

COME NOW Walmart Inc. and Wal-Mart Stores East, LP, and hereby respond to Plaintiff's Complaint, state as follows:

## PARTIES AND VENUE

1. Upon information and belief, admitted.

2. Admitted.

3. Admitted.

4. This paragraph does not require a response from these Defendants; however, to the extent a response is deemed required, Defendants deny these allegations and demand strict proof thereof.

5. Upon information and believe, Montgomery County is a proper venue for this matter.

## CAUSES OF ACTION

## COUNT ONE
## NEGLIGENCE

6. This paragraph does not require a response from these Defendants; however, to the extent a response is deemed required, Defendants deny these allegations and demand strict proof thereof.

7. Defendants do not know the reason for which Plaintiff was on the property on the date at issue. Further, Defendants are unable to render opinions regarding the legal terms listed in this paragraph. Therefore, these allegations are denied, and Defendants demand strict proof thereof.

8. Denied. Defendants demand strict proof thereof.

9. As worded, denied. Defendants demand strict proof thereof.

10. Denied. Defendants demand strict proof thereof.

11. Denied. Defendants demand strict proof thereof.

12. Denied. Defendants demand strict proof thereof.

13. Denied. Defendants demand strict proof thereof.

14. Denied. Defendants demand strict proof thereof.

15. Denied. Defendants demand strict proof thereof.

**COUNT TWO**
**WANTONNESS**

16. This paragraph does not require a response from these Defendants; however, to the extent a response is deemed required, Defendants deny these allegations and demand strict proof thereof.

17. Defendants do not know the reason for which Plaintiff was on the property on the date at issue. Further, Defendants are unable to render opinions regarding the legal terms listed in this paragraph. Therefore, these allegations are denied, and Defendants demand strict proof thereof.

18. Denied. Defendants demand strict proof thereof.

19. As worded, denied. Defendants demand strict proof thereof.

20. Denied. Defendants demand strict proof thereof.

21. Denied. Defendants demand strict proof thereof.

## COUNT THREE
## NEGLIGENT/WANTON HIRING, TRAINING AND SUPERVISION

22. This paragraph does not require a response from these Defendants; however, to the extent a response is deemed required, Defendants deny these allegations and demand strict proof thereof.

23. Defendants do not know the reason for which Plaintiff was on the property on the date at issue. Further, Defendants are unable to render opinions regarding the legal terms listed in this paragraph. Therefore, these allegations are denied, and Defendants demand strict proof thereof.

24. As worded, denied. Defendants demand strict proof thereof.

25. Denied. Defendants demand strict proof thereof.

26. Denied. Defendants demand strict proof thereof.

Defendants deny that Plaintiff is entitled to recover damages as set forth in the *ad damnum* clause following this count.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and is therefore due to be dismissed.

**SECOND DEFENSE**

Defendants deny each and every averment of the Complaint not specifically admitted herein.

**THIRD DEFENSE**

Defendants deny that they were guilty of negligence as alleged in the Complaint and further deny that any conduct or omission on their part proximately caused or contributed to the injures and damages alleged in the Complaint.

**FOURTH DEFENSE**

Defendants allege that the incident complained of was proximately caused by an independent, intervening or superseding act or omission, and not by any acts or omissions attributable to these Defendants.

**FIFTH DEFENSE**

Defendants allege that the Plaintiff is guilty of contributory negligence in connection with the claims asserted in the Complaint, which negligence proximately caused or contributed to the injuries and damages asserted in her Complaint.

**SIXTH DEFENSE**

Defendants assert that Plaintiff assumed the risk of the injuries and damages about which she complains.

**SEVENTH DEFENSE**

Defendants deny breaching any duty owed to Plaintiff, if any.

**EIGHTH DEFENSE**

Defendants aver Plaintiff has failed to mitigate her damages.

**NINTH DEFENSE**

Defendants deny that Plaintiff was injured or damaged to the nature and extent claimed in the Complaint and demand strict proof thereof.

**TENTH DEFENSE**

Defendants deny that they are guilty of negligence or wantonness, as alleged in the Complaint.

**ELEVENTH DEFENSE**

Defendants deny that Plaintiff is entitled to punitive damages on any claim asserted.

**TWELFTH DEFENSE**

Defendants deny that any conduct or admission attributable to them was wanton in nature.

**THIRTEENTH DEFENSE**

Defendants assert that any services they performed met all applicable standards of care.

**FORTEENTH DEFENSE**

Defendants deny that they were in any way negligent or wanton with regards to services they performed.

**FIFTEENTH DEFENSE**

Defendants assert that to the extent any hazardous condition existed, it was or should have been open and obvious to the Plaintiff.

**SIXTEENTH DEFENSE**

Defendants were not on notice of any substance on the floor with sufficient time to remedy it.

**SEVENTEENTH DEFENSE**

Defendants are not liable for negligent or wanton hiring, training, or supervision of their employees.

## EIGHTEENTH DEFENSE

With regard to punitive damages, Defendants plead the following punitive damages defenses:

1. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

a. It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendant upon the Plaintiff's satisfying a burden of proof, which is less than the "beyond a reasonable doubt" burden of proof, required in criminal cases;

b. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g. The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred.

h. The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2. Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a. It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

c. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

e. The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3. Plaintiff's attempt to impose punitive or extracontractual damages on these Defendants, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4. The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5. The award of punitive damages against these Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

7. A punitive damages award violates due process when it is "grossly excessive" in relation to the State's legitimate interests in punishing unlawful conduct and deterring its repetition. BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

8. Defendants did not receive adequate notice of the magnitude of the sanction that the State may impose. BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

9. Defendants' conduct was not sufficiently reprehensible to support an award of punitive damages. BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

10. Any award of punitive damages based on the amount of the Plaintiff's alleged compensatory damages would be excessive. BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

11. Defendants' conduct was not sufficiently egregious to justify a punitive sanction against the Defendant. BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

**NINETEENTH DEFENSE**

Defendants reserve the right to amend this Answer as future discovery or investigation may indicate.

Respectfully submitted,

/s/ Julie D. Pearce
Julie D. Pearce (PEA032)
Attorney for Defendants
Walmart Inc. and Wal-Mart Stores East, LP

**OF COUNSEL:**
GAINES GAULT HENDRIX PC
361 Summit Boulevard/Suite 200
Birmingham, Alabama 35243
(205) 980-5888
jpearce@ggh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by via email or by placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 20th day of August, 2025.

Malia D. Tartt
ALEXANDER SHUNNARAH TRIAL ATTORNEYS
2201 Fourth Avenue North
Birmingham, Alabama 35233

/s/ Julie D. Pearce
OF COUNSEL

AlaFile E-Notice

03-CV-2025-901132.00

To: JULIE DAVIS PEARCE
jpearce@gghblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following answer was FILED on 8/20/2025 1:51:23 PM

Notice Date: 8/20/2025 1:51:23 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

AlaFile E-Notice

03-CV-2025-901132.00

To: WALMART, INC. (PRO SE)
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following answer was FILED on 8/20/2025 1:51:23 PM

Notice Date: 8/20/2025 1:51:23 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

AlaFile E-Notice

03-CV-2025-901132.00

To: WAL-MART STORES EAST, LP (PRO SE)
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following answer was FILED on 8/20/2025 1:51:23 PM

Notice Date: 8/20/2025 1:51:23 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

AlaFile E-Notice

03-CV-2025-901132.00

To: TARTT MALIA DANIELLE
mtartt@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CAROLYN KEYS V. WALMART, INC. ET AL
03-CV-2025-901132.00

The following answer was FILED on 8/20/2025 1:51:23 PM

Notice Date: 8/20/2025 1:51:23 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260